O'FLARITY v. O'FLARITY et al.

(In Banc. Jan. 13, 1947. Suggestion of Error Overruled Feb. 24, 1947.)

[28 So. (2d) 569. No. 36294.]

Forrest **G. Cooper** and **Howard Q. Davis**, both of Indianola, for appellant.

**Henry & Barbour,** of Yazoo City, for appellees.

**H. C. Stringer,** of Jackson, for appellee, A. R. Dawson, adopts the brief of Henry & Barbour.

**McGehee, J.,** delivered the opinion of the Court.

Several years ago the appellant was duly adjudicated non-compos mentis by decree of the chancery court after having been committed to the Mississippi State Insane Hospital under a writ de lunatico inquirendo. Shortly thereafter the appellee, Mrs. Jesse E. O'Flarity, wife of the appellant was duly appointed as guardian of his estate, which consisted of certain time certificates of deposits of money and some small tracts of real estate in Yazoo County. After having served as such guardian for approximately two years she had submitted to the court for approval her first and second annual accounts, duly supported by legal vouchers, showing expenditures made under orders of the court previously rendered, whereby the same had been duly authorized.

Upon the filing of the second annual account, this guardian tendered her resignation as such, which was duly accepted, and she thereupon obtained an order from the court whereby it was adjudged and decreed that she and her surety were relieved of all future responsibility and duties in connection with the further administration of the estate, and which order provided that she and her surety be released and discharged of any liability as to her previous actions when such second and final account should be heard and approved, and which was later done.

At the time of the resignation of the said guardian, the appellee A. R. Dawson was appointed guardian as her successor. He thereupon petitioned the court for authority to sell one of the parcels of land belonging to his ward, and later another parcel until each of the three parcels was sold to the wife of his ward, that is to say to the former guardian, who in turn resold the same to Mrs. M. J. Curran, Robert Simmons and Claud Hopkins, respectively.

The appellant brought this suit as a "Bill of Review for errors apparent on the face of the record" in the guardianship matter, which record was made an exhibit thereto, and the pleading also designates the proceeding as being "in the nature of a Bill of Review." He sues his wife and the said A. R. Dawson, together with the sureties on their respective bonds, as well as the persons hereinbefore named who purchased the three parcels of land sold by the said A. R. Dawson, guardian.

There is no charge in the bill of complaint that any of the expenditures made by the guardians were not fully authorized by decrees of the court, or that they were not fully supported by legal vouchers. Nor is there any charge that either of the parcels of land was sold for less than a full and fair value. And it affirmatively appears from the exhibits to the bill of complaint that the proceeds of the sales were expended under orders of the court mainly for the support and maintenance of the complainant's minor children, and it would be presumed,

in the absence of proof to the contrary, that the wife would have been at least as much interested as anyone else in causing the land to bring a fair price for that purpose. At any rate, each of the sales was approved and confirmed by the chancellor, after a full hearing on proper notice, in each instance.

Moreover, the record discloses on this appeal that the complainant, subsequent to the sustaining of both general and special demurrers to his bill of complaint, and before the same was finally dismissed on failure to amend, filed a motion asking that the suit be dismissed "with prejudice" as to the present owners of the said land, which was accordingly done, and therefore the case is moot on the issue of whether or not it was proper for his wife to purchase this land at the guardian sales thereof, it not having been charged, as aforesaid, that the land was not sold for a fair price, or that the guardian made any profit on the resale thereof.

The appellant was properly before the court, following an adjudication that he had been restored to sanity, and received from a subsequent guardian and receipted for the proceeds of the sales, less the portion thereof which had been properly and previously expended under orders of the court.

Therefore, the question of whether or not the general demurrer was properly sustained on behalf of Mrs. Jesse O'Flarity and her surety is dependent upon the sufficiency of an allegation in the bill of complaint, to the effect that the complainant "owned a stock of goods, wares and merchandise, together with store fixtures of the value of approximately $500, which was withheld from the inventory, and was converted by the said Mrs. Jesse O'Flarity to her own use," to require an answer to the bill of complaint in that behalf when considered as being "in the nature of a bill of review" to surcharge her accounts as guardian. We are of the opinion that under the general prayer for relief this allegation required an answer; that the court was therefore in error in sustaining the general

demurrer on behalf of Mrs. O'Flarity and her surety, but was correct in sustaining the demurrers and dismissing the bill as against the other defendants in all respects, and as against the said defendant and her surety in all other respects than that above mentioned.

The case must therefore be reversed and remanded, to be proceeded with as a bill to require the said defendant and her surety to show cause why she did not account for the said stock of goods, wares and merchandise, and store fixtures, if any such were received by her as guardian.

Affirmed in part, reversed in part, and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.